OPINION
{¶ 1} This appeal arises out of a partition action filed by plaintiffs-appellees, James A. Ellis and Evalind Pickering. Defendant-appellant, Martha Mast, appeals a decision of the Clinton County Court of Common Pleas rejecting her election and approving the joint election of appellees. For the reasons outlined below, we affirm the decision of the common pleas court. *Page 2 
 {¶ 2} Appellees, appellant, and defendant, Marilyn Iesulauro, are four siblings who each inherited from their parents an undivided one-fourth interest in a nearly 770-acre estate located in Clinton and Fayette Counties, Ohio. The estate consists of three farms situated on three separate, noncontiguous tracts.[1] On September 2, 2005, appellees filed an amended complaint seeking partition of the estate among the four co-tenants. Alternatively, the complaint prayed for the appraisal and sale of the estate if a partition could not be accomplished without manifest injury to the value of the property.
 {¶ 3} On March 28, 2006, the common pleas court issued an order of partition appointing two commissioners to view and appraise the property. The commissioners filed three separate reports and returns on April 21, 2006, one for each of the three tracts. Both commissioners were of the opinion that the estate could not be partitioned without manifest injury to its value. The reports included separate appraisals for each tract. Appellees objected, arguing that the commissioners erred in issuing a separate report for each of the three tracts rather than a single report for the entire 770-acre estate and in failing to issue a single appraised value for the entire estate.
 {¶ 4} Following a hearing on the objections, the magistrate issued a decision on June 8, 2006 finding that the total valuation of the 770-acre estate was the combined values of the three tracts as stated in the commissioners' three separate reports, or $2,875,000. The magistrate found that the 770 acres could not be partitioned without manifest injury to the value of the property. In addition, the magistrate held that while R.C. 5307.07 permitted the partition of multiple tracts in one partition action, it did not allow for multiple tracts to be the subject of separate elections in one partition action. The magistrate thus determined that any *Page 3 
election to purchase the estate by any of the four co-tenants had to be an election to purchase the entire 770-acre estate as a whole.
 {¶ 5} Appellant desired to take only one of the three tracts, [2] and filed objections to the magistrate's decision. In a decision issued on July 21, 2006, the common pleas court overruled appellant's objections and adopted the magistrate's findings regarding the valuation of the estate and the limitations upon election under the facts as per R.C. 5307.07. The court also held that each of the co-tenants had a statutory right to elect to purchase the entire 770-acre estate.
 {¶ 6} Appellant appealed the common pleas court's July 21, 2006 decision, and this court dismissed her appeal for lack of a final appealable order due to unresolved counterclaims raised in appellant's and Iesulauro's answers to the amended complaint. On remand, the magistrate issued a supplemental decision on September 20, 2007 reaffirming her June 8, 2006 decision and dismissing the counterclaims. Appellant thereafter filed her election to take one of the three tracts in the estate.
 {¶ 7} On October 19, 2007, the common pleas court confirmed the magistrate's supplemental decision. Shortly after, appellees filed a joint election to take the entire estate at the appraised value. Appellant then re-filed her election to take only one of the tracts. On November 21, 2007, the common pleas court issued an order approving appellees' election to take the whole estate and rejecting appellant's election to take the single tract as void. Appellant timely appeals, raising one assignment of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "IN A LAND PARTITION ACTION INVOLVING DISTINCT MULTIPLE TRACTS, IF THE COURT APPOINTED COMMISSIONERS DETERMINE THAT THE *Page 4 
PROPORTIONAL INTEREST OF EACH OWNER IN EACH TRACT CANNOT BE DIVIDED PURSUANT TO R.C. 5307.07 WITHOUT MANIFEST INJURY TO ITS VALUE, THEN UPON FILING OF THE RETURNS FOR EACH TRACT, ANY CO-OWNER MAY MAKE AN ELECTION TO TAKE ANY OF THE INDIVIDUAL TRACTS AT ITS APPRAISED VALUE PURSUANT TO R.C. 5307.09."
 {¶ 10} Appellant submits that R.C. 5307.09 should be read to permit an election as to each individual tract in a partition action involving multiple tracts that cannot be divided without losing value. Appellees argue that appellant misconstrues the statutory scheme to achieve her desired result, and emphasize that an election for one of the tracts would cause irreparable economic harm to the remaining co-tenants, in contravention of the commissioners' finding that the estate could not be divided without manifest injury to its value.
 {¶ 11} The right to obtain a partition of property by judicial proceedings is governed by R.C. Chapter 5307. Upon the common pleas court's determination that the person seeking partition has a legal right to any part of the real estate, it must order a partition of the premises and appoint a commissioner(s) to divide the property. R.C. 5307.04. The commissioners view and examine the estate, setting it apart in lots that will be most advantageous and equitable. R.C. 5307.06. If the commissioners determine that the estate cannot be divided without causing manifest injury to its value, they must return that fact to the court of common pleas with a just valuation of the estate. R.C. 5307.09. If the court approves the return, then one or more of the co-tenants may elect to take the estate at its appraised value. R.C. 5307.09. If no election is made, the court may order a sale of the estate at public auction. R.C. 5307.11.
 {¶ 12} In the proceedings below, the commissioners advised the common pleas court that none of the tracts, separate or combined, could be divided without manifest injury to the *Page 5 
entire estate. Appellant does not challenge this determination, nor does she challenge the resultant applicability of R.C. 5307.09 to this case. R.C. 5307.09 provides:
 {¶ 13} "When the commissioner or commissioners are of opinion that the estate cannot be divided according to the demand of the writ of partition without manifest injury to its value, the commissioner or commissioners shall return that fact to the court of common pleas with a just valuation of the estate. If the court approves the return and if one or more of the parties elects to take the estate at the appraised value, it shall be adjudged to them, upon their paying to the other parties their proportion of its appraised value, according to their respective rights, or securing it as provided in section 5307.10 of the Revised Code."
 {¶ 14} While accepting the commissioners' conclusion that the estate could not be divided without manifest injury to its value, appellant urges this court to construe R.C. 5307.09 as permitting the three separate tracts to be subject to three separate elections. Such a construction, however, would circumvent the purpose of the statute.
 {¶ 15} By its plain language, R.C. 5307.09 is triggered when the commissioners determine that the estate cannot be divided without manifest injury to its value. The course of action suggested by appellant — permitting the three tracts to be purchased individually-would effectively accomplish a division of the estate and cause the very injury contemplated by the commissioners in making the manifest injury finding. The protection afforded by R.C. 5307.09, assuring that the estate remains intact in order to preserve its value, would be lost. Where multiple tracts are at issue in a single partition action and there is no manifest injury finding, then R.C. 5307.07 would govern and a piecemeal partition would be permitted.[3]
 {¶ 16} R.C. 5307.09, while directing that one or more parties may elect to take "the *Page 6 
estate" at the appraised value, does not define the phrase "the estate." Furthermore, the case law referencing this section is quite limited. The fact that the commissioners returned three separate appraisals, one for each tract, is not dispositive of the matter. Commissioner Gary Kersey testified at the hearing on appellees' objection to the reports. Kersey stated that he and the other commissioner were provided with a single legal description for the "master farm," but they evaluated the three farms separately due to the different locations, buildings, developments, road frontages, and soil types. At the hearing, Kersey reiterated his opinion that the land depicted in the single legal description could not be divided without manifest injury to the whole.
 {¶ 17} Throughout the record, the estate is clearly depicted as the 770 acres of farmland rather than the three separate tracts representing three separate estates. Appellees' amended complaint provided a single legal description of the estate, encompassing the three tracts, instead of filing three separate partition actions. Appellant incorporated this single legal description by reference into her answer and counterclaim. The common pleas court's March 28, 2006 judgment entry ordering partition and appointing the commissioners also referenced the property "as described in the complaint," meaning the single legal description of the estate. The entry referred to the tracts in the singular, ordering the commissioners to partition "the property," if possible to do so without manifest injury to its value. Attached to the entry is the single legal description from the complaint. Although appellant objected to treating "the estate" as the entire 770 acres, the magistrate and common pleas court continually reaffirmed such treatment.
 {¶ 18} We hold that R.C. 5307.09 does not allow for separate tracts within an estate to be subject to separate elections when the commissioners find that a division of the estate would result in manifest injury to its value. Because "the estate" in this case encompassed the entire 770 acres of farmland, the common pleas court correctly determined that any *Page 7 
election to purchase the estate required the purchase of the entire 770 acres.
 {¶ 19} Appellant cites the case of Darling v. Darling (1911),85 Ohio St. 27, to support her position that she had a right to elect to purchase any one of the three tracts separately. The partition action inDarling involved two adjoining farms, one in Ashland County and one in Richland County. The commissioners determined that the land could not be divided without manifest injury to its value and submitted two separate appraisals, one for each tract. None of the tenants in common elected to purchase the land, and the common pleas court ordered a sale of the entire estate.
 {¶ 20} Five days prior to the date set for the sale, Willard Darling, one of the co-tenants, elected to take the Ashland tract at its appraised value without providing notice to the other co-tenants. The court approved the election. Thereafter, G. L. Darling, another co-tenant, learned of the proceedings and expressed his wish to elect to take the Ashland tract. His motion to vacate Willard's election was overruled by the common pleas court. The appeals court reversed and remanded. The Ohio Supreme Court affirmed the reversal on the basis that the common pleas court did not have jurisdiction to approve Willard's election after ordering a sale of the estate. The high court explained that the proper timeframe in which to exercise an election is after the commissioners file their report but before a sale is ordered by the common pleas court.
 {¶ 21} The holding of the Darling decision centered upon the timeliness of a co-tenant's election. The decision contained the following dictum, upon which appellant relies to support her position:
 {¶ 22} "If Willard E. Darling, on confirmation of the report of the commissioners appraising all the estate, had elected to take the Ashland county land at the appraised value, he could have properly done so, as it had a separate value." Id. at 32.
 {¶ 23} As in Darling, separate values had initially been assigned to the three tracts that *Page 8 
were the subject of this partition action. Appellees objected to this practice because they sought to treat the three farms as a single estate, prohibiting separate elections. Following the hearing on appellees' objections, rather than ordering the commissioners to file a single report for the entire estate, the magistrate ruled that the estate encompassed the entire 770 acres and its value was the combined three valuations, or $2,875,000. Thus, unlike in Darling, subsequent proceedings in this case clarified that the 770 acres was meant to be considered as one estate. Effectively, the commissioners' submission of three separate valuations was treated as harmless error.
 {¶ 24} In addition, as noted, the issue of whether a co-tenant may make an election as to each individual tract in a partition action involving multiple tracts that cannot be divided without losing value was not before the Darling court, and was only referenced in dictum. We thus find the Darling case distinguishable and the dictum cited therein by appellant to be inapposite to the present matter.
 {¶ 25} We conclude that the common pleas court did not err in rejecting appellant's election as void or in approving the joint election of appellees. Appellant's first assignment of error is overruled.
 {¶ 26} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] The three farms are situated on the following separate tracts: (1) a 313-acre tract located on U.S. 22 and S.R. 3, (2) a 302-acre tract located on S.R. 72 and Powers Road, and (3) a nearly 155-acre tract located on S.R. 72 and Morris Road.
[2] Appellant sought to obtain the 313-acre tract located on U.S. 22 and S.R. 3.
[3] In pertinent part, R.C. 5307.07 states: "When partition of more than one tract is demanded, the commissioner or commissioners shall set off to each plaintiff or interested party the plaintiffs or interested party's proper proportion in each of the several tracts unless the tracts are owned by the same proprietors in like proportion in each tract, in which case the share of any proprietor, in all the tracts, may be set off to the proprietor according to the best discretion of the commissioner or commissioners." *Page 1